UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                Case No.  09-CR-150-WMC

TREVOR LUCAS,

      Defendant.

**REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM**

Mr. Lucas, through counsel, offers the following brief responses to the points made in the government's sentencing memorandum.

**I.    OBJECTIONS TO THE PSR**

    **A.    Attempt to push or pull the victim's front door open**.

Because Mr. Lucas knows that his own memory is susceptible to inaccuracies, he did not ask counsel to assert that he had not touched the door; that is why the sentencing memorandum states that "Mr. Lucas has absolutely no recollection of engaging in such activity." Page 6, first paragraph, second sentence.

As for the DNA test eliminating Mr. Lucas as a contributor, and the speculation that Mr. Lucas "could have pushed on the door in an area that was not swabbed by the investigating officers," one can only assume that experienced investigators would ask the

witness where she claimed Mr. Lucas made physical contact with the front door, in order to determine what areas should be tested.

### B.  Characterization of holes as "graves."

The measurements of these holes have already been discussed; however, as the attached photographs demonstrate, there were other materials found near these depressions in the soil, including the case for the taser gun possessed by Mr. Lucas, contractor bags, and plastic wrapping.  These items, the defense respectfully suggests, are more consistent with a discard and storage location than a grave.

Additionally, attached to this memorandum are pages 138 and 139 of the discovery, consisting of a report prepared by a BATFE agent, William Baudhuin from the Madison field office, in which he describes one "rectangular shaped hole dug in the ground," and describes the hole as "approximately six feet wide, eleven feet in length, and one-and-one-half feet deep."  This same report then describes a second flattened area where gun cases had been recovered and pieces of gray foam were still visible on the ground.  This area was also photographed, and those photos are attached as discovery pages 729, 733-735.

## II.  LUCAS' SENTENCING MEMORANDUM

### A.  Provigil/Abilify discussion.

The only pertinence of the Provigil/Abilify discussion is to demonstrate that it was that medication imbalance that likely triggered the acute manic episode described in Dr. Marcus' report and confirmed by Dr. Wyatt.

**B.     Mr. Lucas' immediate flight from CG's home.**

Mr. Lucas did not seek to assert at the bottom of page 6 of his sentencing memorandum that he immediately headed back to Massachusetts.  Rather, the immediacy was to describe his flight from the house, running to his car, jumping in and driving away.  When he got to wherever he was seen in Illinois is not a subject of dispute, and not pertinent to the sentencing discussion.

Dated at Milwaukee, Wisconsin this 21st day of February, 2011.

Respectfully submitted,

GLYNN, FITZGERALD & ALBEE, S.C.

 s/Stephen M. Glynn
State Bar No. 1013103
Attorney for Defendant Trevor Lucas
Glynn, Fitzgerald & Albee, S.C.
526 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202
(414) 221-9600
(414) 221-0600 facsimile
sglynn@gfalaw.com